IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTION DIVISION

| | | |
|---|---|---|
| JASIM B. MOHAMMAD | § | |
| | § | |
| VS. | § | C.A. NO. 3:14-cv-00056 |
| | § | |
| | § | PLAINTIFF DEMANDS A |
| KIRBY INLAND MARINE, LP | § | TRIAL BY JURY |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

1. COMES NOW, JASIM B. MOHAMMAD, hereinafter referred to as Plaintiff, complaining of, KIRBY INLAND MARINE, LP., hereinafter referred to as Defendants and for cause of action would respectfully show unto this Honorable Court as follows:

2. This is an action within the jurisdiction of this Court and this Court has jurisdiction because an amount in controversy exists in excess of the minimum jurisdictional limits of this Court.

3. Plaintiff is an American citizen and as an American seaman, he brings this action pursuant to the terms of Section 1916, Title 28, United States Code without the prepayment of costs or the necessity of depositing security therefor.

4. This claim is maintained under the Jones Act, 46 U.S.C. §30104, and the general maritime law of the United States.

5. Plaintiff, JASIM B. MOHAMMAD, is a resident of the Southern District of Texas.

6. Defendant, KIRBY INLAND MARINE, LP is a Delaware corporation doing business in the Southern District of Texas. This Defendant may be served with due process

herein by serving its registered agent for service, CT Corporation System, 350 North St. Paul Street, Dallas, Texas 75201.

7. JASIM B. MOHAMMAD would show that this lawsuit has become necessary as a result of personal injuries received on or about January 2014. On said date, Plaintiff was employed by Defendant, KIRBY INLAND MARINE, LP, as a deckhand aboard the M/V MIKE BIRD, a vessel which was owned and or operated by Defendant, KIRBY INLAND MARINE, LP. Specifically, Plaintiff sustained injuries when the relief mate ordered Plaintiff up frozen lines/cables and take them to the engine room. The first line was a very heavy cotton line. Mr. Mohammad attempted to swing the line, but it was too heavy and he had to drop it, causing him to sustain injuries to his left arm and back, among other parts of his body.

8. On said date, Defendant was negligent and the vessel was unseaworthy. Specifically, Defendant was negligent in the following particulars:

    a. Failing to provide a safe place to work.

    b. Failing to provide adequate manpower to perform the task.

9. On said date as a result of said occurrence, Plaintiff sustained severe and painful injuries to his left arm and back, among other parts of his body. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the M/V MIKE BIRD, its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

10. At all times material hereto, Defendants, KIRBY INLAND MARINE, LP, owned,

operated, and/or controlled the vessel M/V MIKE BIRD.

11. Additionally, and without waiving the foregoing, on or about January 23, 2014, JASIM B. MOHAMMAD sustained personal injuries while employed by Defendant, KIRBY INLAND MARINE, LP, as a deckhand aboard the M/V MIKE BIRD, a vessel which was owned and or operated by Defendant, KIRBY INLAND MARINE, LP. Specifically, Plaintiff sustained injuries when he was trying to catch a line at the lock wall and he slipped on ice and was caught between a barge and the lock wall, causing Plaintiff to sustain injuries to right foot, among other parts of his body.

12. On or about January 23, 2014, Defendant was negligent and the vessel was unseaworthy. Specifically, Defendant was negligent in the following particulars:

      a. Failing to provide a safe place to work.

      b. Failing to provide ice grippers/spikes for boots.

      c. Failing to put salt on the deck.

      d. Failing to properly train Plaintiff.

13. On January 23, 2014, as a result of said occurrence, Plaintiff sustained severe and painful injuries to his right foot, among other parts of his body. Such occurrence and such injuries occurred as a proximate result of the unsafe and unseaworthy condition of the M/V MIKE BIRD, its crew and appurtenances and/or equipment or, in whole or in part, as a proximate result of the initial acts and/or negligence or lack of attention on the part of Defendant, its agents, servants and/or employees acting in the course and scope of their employment and agency.

14. At all times material hereto on January 23, 2014, Defendants, KIRBY INLAND

MARINE, LP, owned, operated, and/or controlled the vessel M/V MIKE BIRD.

15. As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish and other medical problems. In connection therewith, Plaintiff would show that he has sustained severe pain, physical impairment, discomfort, mental anguish, and distress to date and that in all reasonable probability, such physical pain, physical impairment and mental anguish will continue indefinitely and into the future. Moreover, Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Furthermore, he has incurred and will incur pharmaceutical and medical expenses in connection with said injuries. By reason of the foregoing, Plaintiff would show that he has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which amount he comes now and sues.

16. Plaintiff further alleges that it was and still is, the duty of Defendant, KIRBY INLAND MARINE, LP, to furnish him with maintenance and cure and loss of wages. Plaintiff further alleges that Defendant, KIRBY INLAND MARINE, LP, has unreasonably, arbitrarily, willfully and capriciously refused to pay maintenance to him and such sums were due and owing and Defendant has further unreasonably, arbitrarily, willfully and capriciously refused to provide him with medical cure. As a result of Defendant's unreasonable failure to provide maintenance and cure, Plaintiff is entitled to recovery for damages and expenses incurred, including, but not limited to, damages for prolongation or aggravation of injuries; pain and suffering and additional expenses. Plaintiff states that in addition to such maintenance and cure benefits as he is entitled, that he found it necessary to engage attorneys to represent him in the maintenance and cure action that he is

entitled to and brings a suit for the reasonable attorney's fees for the collection of the maintenance and cure benefits due to him.  Therefore, for the aforementioned reasons, Plaintiff states that he is entitled to maintenance and cure benefits, compensatory damages and attorney's fees, in a sum in excess of the minimum jurisdictional limits of this Court or for other and further sums as the Court and/or Jury may find reasonable at the time of trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JASIM B. MOHAMMAD, prays that this citation issue and be served upon said Defendant, KIRBY INLAND MARINE, LP, in a form and manner prescribed by law, requiring that the Defendant appear and answer herein, and that upon final hearing hereon, Plaintiff have judgment against said Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interests, all costs of Court, and all such other and further relief, to which he may show himself justly entitled.

Respectfully submitted,

SCHECHTER, MCELWEE, SHAFFER & HARRIS, L.L.P.

*/s/Matthew D. Shaffer*
MATTHEW D. SHAFFER
TBA # 18085600
FED I.D. #:  8877
3200 Travis, 3rd Floor
Houston, Texas  77006
TEL:   (713) 524-3500
FAX:   (713) 751-0412
ATTORNEYS FOR PLAINTIFF,
JASIM B. MOHAMMAD

PLAINTIFF DEMANDS A TRIAL BY JURY